## ADAMS *v.* STATE.

May 3, 1954

No. 39146          63 Adv. S. 1          72 So. 2d 211

*Hall & Sutherland,* Hattiesburg, for appellant.

*Wm. E. Cresswell,* Asst. Atty. Gen., Jackson, for appellee.

HALL, J.

Appellant was convicted in the county court for the unlawful sale of intoxicating liquor, and his conviction was affirmed on appeal to the circuit court from which action he appeals here. He argues two grounds for reversal.

1. The first contention is that the county court erred in overruling his motion to quash the petit jury. It avers that the trial judge directed the drawing of sixty names from the jury box and out of the sixty so drawn and summoned the petit juries were impaneled for the trial of cases for the week in which appellant was convicted. The motion to quash is founded upon Section 1615, Code of 1942, which provides that "for each week of the term of the county court not less than twenty nor more than forty names, in the discretion of the court, shall be drawn from the jury box of the county", etc. Appellant contends that the drawing of sixty names from the box was such a departure from the statute that the county court's action was void and the whole panel should have been quashed. Section 1798, Code of 1942, provides that "All the provisions of law in relation to the listing, drawing, summoning and impaneling juries are directory merely; and a jury listed, drawn, summoned or impaneled, though in an informal or irregular manner, shall be deemed a legal jury after it shall have been impaneled and sworn."

The record shows that out of the sixty names drawn from the box only sixteen or seventeen qualified for jury service for the week, and the court thereupon directed that thirty more names be drawn from the jury box and summoned to appear on the second day of court, and out of the grand total of ninety names only twenty-nine were qualified and impaneled for jury service. On the trial of this case later in the week twenty-eight names of the total of twenty-nine were exhausted before a jury of twelve was selected for the trial. In overruling

the motion to quash, the county judge stated that while the statute fixes a maximum of forty names to be drawn from the jury box, he considered the statute directory and not mandatory in that respect; that it was his desire to obtain a jury that would be fair to both sides, and that he considered it more equitable to have jurors selected by chance than to have people called for jury service who were sitting around the courtroom. He further stated that he wouldn't have been surprised at the filing of a motion to quash the panel if some of them had been picked up from the courtroom, but that when a sufficient number is drawn from the box for the trial he was unable to see how anyone had been prejudiced.

In the early case of Head v. State, 44 Miss. 731, 750, this Court, in discussing our laws governing the selection of juries, said ''The primary object is to secure a fair, unbiased jury.'' The legislative intent to the same effect may be gleaned from an amendment to our jury laws with respect to circuit courts made in 1938. Under Section 2058, Code of 1930, it was provided that after the drawing of the grand jury in the circuit court, the remaining jurors in attendance shall be impaneled into two petit juries for the first week of court if there be a sufficient number left, and, if not, the juries may be completed from the bystanders, or the court may direct a sufficient number for that purpose to be drawn and summoned. This statute was amended by Section 301, Laws of 1938, so as to eliminate the provision for completing the petit juries from the bystanders and so as to require that the jurors be drawn from the jury box until there are a sufficient number to complete at least two full panels of the petit jury at the beginning of the week. Cf. Cliff Moffett v. State, Mississippi Advance Sheets No. 59, p. 33, decided April 5, 1954. The right to a trial by an impartial jury is guaranteed in all criminal prosecutions by the Sixth Amendment to the Federal Constitution and by Section 26 of the Mississippi

Constitution of 1890. It is the foundation of our form of government and wholly foreign to totalitarianism.

In the case of Rhodman v. State, 153 Miss. 15, 120 So. 201, this Court condemned in no uncertain terms the action of a county judge in hand-picking a list of names from the poll books of the county for jury service in his court even though he may have been prompted by the best of motives. Such was not the situation in the case at bar. Here the county judge, based upon his experience of the previous month of his court as shown by the record, determined, and as it later developed determined correctly, that he could not obtain two full petit juries for the week by the drawing of only forty names from the jury box. Rather than have the necessary additional jurors selected by the sheriff, he determined that justice would be better served and a more nearly impartial jury panel obtained by drawing the names by chance from the jury box and he accordingly ordered this done. The law favors the selection of jurors in this manner. It was mandatory that he cause at least twenty names to be drawn from the box, but it was directory only that he could not cause more than forty names to be so drawn in order to complete the jury panel. Stated differently, there must be at least twenty names drawn from the jury box, but when the jury panel cannot be completed out of forty names drawn from the box, the statute does not prohibit its completion by the drawing of additional names from the box. The course which he pursued was fair to both sides and he is to be commended in selecting that course. Certainly the appellant was not prejudiced by what was done. He was proven guilty beyond every reasonable doubt by the State's evidence and offered nothing to dispute it.

2. In the trial court appellant filed a motion requesting the county judge to recuse himself in this case for the reason that previously he had tried a civil action brought by the State Tax Collector against appellant for

the recovery of penalties arising from the identical sale of intoxicating liquor involved in this criminal prosecution and had decided that suit against appellant; wherefore it was alleged that the county judge had disqualified himself to preside on the trial of this case and was biased and prejudiced against appellant. The overruling of that motion is assigned as error.

In the case of Garrett v. State, 187 Miss. 441, 455, 193 So. 452, this Court said: ''While an attorney may rightfully, in cases where he thinks the judge's relations would result to the injury of the defendant, move for a recusation of the judge, this Court, in such a case, will look to the whole trial and pass upon questions on appeal in the light of the completed trial. Every act and movement had during the entire trial will be considered, and if we are unable to find that rulings have been prejudicial to the defendant, we will not reverse.''

Looking to the entire record of the trial in this case we find it unusually free of anything which would warrant criticism. Appellant does not complain of a single ruling of the trial judge on the admission of evidence nor of any instruction to the jury granted by him nor of his action in refusing to grant any instruction requested by appellant. He complains only of the action of the court in overruling his motion to quash and his motion for recusation of the trial judge; he does not contend that on the hearing on the merits he failed to receive a fair and impartial trial nor does he complain that the jury which tried him was not a qualified, fair, and impartial jury. If we should hold that a trial judge is disqualified merely because he has previously presided at the trial of a case involving the same evidence and transaction, then it would be necessary for him to stand aside and turn the duties of his office over to a special judge in every case in which there has been a mistrial, in every case where on appeal a new trial has been ordered, in every case where he himself has granted

a new trial, and in every case growing out of the same transaction or based upon the same facts. The Legislature has not so enacted and we decline to adopt such a rule. In 30 Am. Jur., Judges, Section 82, p. 790, it is said: "As a general rule, a judge is not disqualified to sit at the trial of one accused of crime merely because previously thereto he has participated in other legal proceedings against the same person. Personal knowledge of a judge of former proceedings before him is not a disqualification, nor is he disqualified to sit in a criminal case because he has recently sat at the trial of another cause growing out of the same state of facts, which resulted in a conviction." See also Clanton v. State, 210 Miss. 700, 50 So. 2d 567; Campbell v. Yazoo & M. V. R. R. Co., 199 Miss. 309, 315, 24 So. 2d 531; Lindsey v. Lindsey, 229 Ala. 578, 158 So. 522; State v. Yokum, 155 La. 846, 99 So. 621.

Affirmed.

*Lee, Kyle, Arrington* and *Gillespie, JJ.*, concur.