PATTERSON, Chief Justice,
for the Court:
Appellant was convicted of the crime of forgery by the Circuit Court of the Second Judicial District of Jones County, Mississippi, and received a sentence of one year in the county jail.
On appeal appellant alleges three assignments of error, to-wit:
1.The indictment which is the basis of appellant’s conviction failed to adequately inform the appellant of the charge against her;
2. The trial court erred in overruling objections to the purported waiver and statement; and
3. The trial court erred in overruling appellant’s motion for a directed verdict.
Appellant was indicted and convicted under Mississippi Code Annotated section 97-21-7 (1972), which reads as follows:
If any officer authorized to take the proof or acknowledgment of any conveyance of real or personal estate, or of any other instrument which by law may be recorded, shall wilfully and falsely certify that any such conveyance or instrument was acknowledged by any party thereto, when in truth such acknowledgment was not made, or that any such instrument or conveyance was proved, when in truth such proof was not made, he shall, upon conviction, be guilty of forgery.
The above section is included in the chapter setting out all crimes of “forgery and counterfeiting.” 'The penalty statute for sentencing persons convicted of any of the forgery statutes is set out in Code section 97-21-33, as follows:
Persons convicted of forgery shall be punished by imprisonment in the penitentiary for a term of not less than two (2) years nor more than fifteen (15) years, provided, however, that when the amount of value involved is less than one hundred dollars ($100.00) in lieu of the punishment above provided for, the person convicted may be punished by imprisonment in the county jail for a term of not more than twelve (12) months, within the discretion of the court.
At the time of the incident the result of which appellant was indicted, tried and convicted, she was a notary public working in the office of an insurance company. The evidence reveals that on or about September 21, 1976, appellant, as a notary, affixed her signature and seal to a warranty deed purportedly signed by twelve grantors. There were twelve separate acknowledgments. All of them were dated September *1368 21, 1976. The deed purported to convey certain land in the Second Judicial District of Jones County, Mississippi. Sometime later, one of the purported grantors in the deed ascertained that timber was being cut off the land described in the deed and his investigation revealed that the deed in question was a forgery. A number of the purported grantors were deceased and one was an invalid living out of state.
On December 14,1976, appellant was contacted by the Laurel Police Department and requested to confer with the chief of detectives about the matter. She called an attorney and was advised that if she was not implicated she should cooperate with the authorities. She went to the police department and before she was questioned the testimony reveals that she was advised of her rights and signed a form waiver. She stated at that time that the alleged grantors in the deed appeared before her in “one’s, two’s and three’s.”
The next day, December 15, appellant was arrested and before interrogating her the law enforcement officers testified that she was again advised of her rights. She then gave an oral statement changing her statement given the day before and stated that one man brought the deed to her and that she completed all acknowledgments at the same time, and that the alleged grantors did not appear before her.
We have studied carefully the record and the briefs and can find no reversible error therein. Assignments of error 1 and 3 may be discussed together. Appellant contends that the indictment was defective as it did not identify the “party defrauded.” A reading of the indictment clearly shows that it closely follows the wording of the statute. In addition to this, the indictment specifically made the deed in question a part of the indictment and a copy was attached thereto. It is obvious that the persons defrauded were those whose signatures were attached to the instrument.
Under assignment No. 2 appellant contends that she was coerced into changing her statement on December 15, 1976. She alleges that the reason for this was the chief of detectives threatening to put her in a jail cell. A pretrial hearing was held by the lower court on the objection to the second statement given by appellant. It suffices to say that the evidence presented clearly was sufficient for the lower court to rule that there was no coercion or duress and that appellant freely and voluntarily gave the statement.
The part of the cause that gives this Court greater concern is the sentence of one year in the county jail. As hereinbefore stated, there are several statutes on “forgery.” Some of them require a “criminal intent” and some do not. This is reflected by Code section 97-21-27, which reads in part that “Whenever, by any of the provisions of this chapter, an intent to defraud is required to constitute a forgery,” etc. The statute under which appellant was convicted merely requires that a person charged under the statute “wilfully and falsely” performed the prohibited act. The sentence statute is the same whether or not there was an intent to defraud or a criminal intent.
We observe, however, that the sentence imposed was within the limitations of the statute, permitting discretion to the trial court, in the initial sentence, but not to this Court on appeal. Ellis v. State, 326 So.2d 466 (Miss.1976); Ainsworth v. State, 304 So.2d 656 (Miss.1975). There being no error in the trial nor in the sentence, the cause is affirmed.
This case was considered by a conference of the justices en banc.
AFFIRMED.
SMITH and ROBERTSON, P. JJ., and SUGG, BROOM and LEE, JJ., concur.
BOWLING and COFER, JJ., dissent.
WALKER and COFER, JJ., dissent by separate opinion.