810 So.2d 627 (2002)
Carla Alene Bruno ALDERSON, Appellant
v.
Vettra Glenn ALDERSON, Jr., Appellee.
No. 2000-CA-01437-COA.
Court of Appeals of Mississippi.
March 12, 2002.
*628 A.E. (Gene) Harlow Sr., A.E. (Rusty) Harlow Jr., Grenada, attorneys for appellant.
Omar D. Craig, Oxford, attorney for appellee.
Before KING, P.J., THOMAS, and MYERS, JJ.
MYERS, J., for the Court.
¶ 1. Carla Alderson sued Glenn Alderson for divorce and custody of their two children. Glenn Alderson counterclaimed also seeking a divorce and custody of the children. The Aldersons agreed to divorce each other but could not agree on who was to maintain primary custody of the children and this issue was litigated. The chancellor awarded custody of the children to Glenn Alderson. Aggrieved by this decision, Carla Alderson perfected this appeal raising the following issues:
1. WHETHER THE CHANCELLOR ERRED IN AWARDING CUSTODY OF THE MINOR CHILDREN TO GLENN ALDERSON; AND
2. WHETHER THE CHANCELLOR ERRED IN DENYING CARLA ALDERSON'S MOTION FOR RECUSAL.
¶ 2. Additionally, Glenn Alderson raised issues in his brief concerning whether the chancellor erred in failing to award the statutory amount of child support and whether the chancellor erred when he ordered Glenn to pay a portion of the guardian ad litem fees. These issues will be addressed separately at the end of this opinion.

STATEMENT OF FACTS
¶ 3. Glenn and Carla Alderson were married on November 9, 1987. Glenn has a learning disability and works for the City of Oxford while Carla works as a nurse. During the course of the marriage, two children, James Brett and Caroline Marie, were born. Glenn and Carla separated in August of 1999 with Carla suing Glenn for a divorce and custody of their two children. Glenn counterclaimed also seeking *629 a divorce and custody of the children. The parties agreed to divorce but could not agree on who would have primary custody of their children. A special chancellor was appointed because both Lafayette County chancellors recused themselves from the case as Glenn Alderson's father serves as chancellor in Lafayette County. The special chancellor awarded custody of the children to Glenn Alderson. Aggrieved by this decision, Carla Alderson perfected this appeal.

LEGAL ANALYSIS

1. WHETHER THE CHANCELLOR ERRED IN AWARDING CUSTODY OF THE MINOR CHILDREN TO GLENN ALDERSON.
¶ 4. When reviewing a lower court's award of child custody, this Court will only reverse where it is shown that the lower court is "manifestly wrong, clearly erroneous," or it is shown that the chancellor applied an erroneous legal standard. Limbaugh v. Limbaugh, 749 So.2d 1244, 1246 (¶ 9) (Miss.Ct.App.1999). The chancellor's decision must be supported by substantial evidence established by the record of the case. Id. The chancellor must determine "the credibility and weight of evidence." Powell v. Ayars, 792 So.2d 240, 243 (¶ 6) (Miss.2001).
¶ 5. Carla first contends that the evidence presented at trial was insufficient to support an award of custody to Glenn. The polestar consideration in matters of child custody is the best interest of the child. Rushing v. Rushing, 724 So.2d 911, 916 (¶ 24) (Miss.1998). In considering the best interest of the child, the court must evaluate and apply the following factors: (1) age, health and sex of the child; (2) a determination of the parent that has had the continuity of care prior to the separation; (3) which has the best parenting skills, and which has the willingness and capacity to provide primary child care; (4) the employment of the parent and responsibilities of that employment; (5) physical and mental health of the parents; (6) emotional ties of parent and child; (7) moral fitness of the parents; (8) the home, school and community record of the child; (9) the preference of the child at the age sufficient to express a preference by law; (10) stability of home environment and employment of each parent; and (11) other factors relevant to the parent-child relationship. Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983). It is necessary for the chancellor to make specific findings of fact on each applicable Albright factor. Powell, 792 So.2d at 244-45 (¶ 11).
¶ 6. Carla Alderson complains that the chancellor's award of child custody to Glenn is not supported by sufficient evidence. The chancellor enumerated each Albright factor and delineated the facts he considered pertinent in his analysis under each factor. It is not necessary for the chancellor to state who prevailed under each factor. The chancellor must simply provide specific factual findings so that this Court can determine that each factor was properly considered. Id. The chancellor properly considered each Albright factor and awarded custody to Glenn. The case presented to the chancellor was close; however, there was sufficient evidence presented at trial to support the award of custody to Glenn. This Court can find no abuse of discretion by the chancellor in awarding custody to Glenn. This issue is without merit.

2. WHETHER THE CHANCELLOR ERRED IN DENYING CARLA ALDERSON'S MOTION FOR RECUSAL.
¶ 7. Carla next contends that the chancellor erred when he failed to *630 recuse himself from the case. As stated above, a special chancellor was appointed in this case because both chancellors of Lafayette County recused themselves from hearing the case. A judge should recuse him or herself in any "proceeding in which his impartiality might reasonably be questioned...." Miss.Code Jud. Conduct 3. This Court reviews whether a judge should have recused himself from a trial based on an objective standard. Steed v. State, 752 So.2d 1056, 1061 (¶ 11) (Miss.Ct.App.1999). It is presumed that "the judge, sworn to administer impartial justice, is qualified and unbiased, and where the judge is not disqualified under the constitutional or statutory provisions, `the propriety of his or her sitting is a question to be decided by the judge and is subject to review only in case of manifest abuse of discretion.'" Id. When reviewing a judge's failure to disqualify himself, this Court examines the completed trial to determine whether the rulings made by the judge were prejudicial to the defendant. Id. at 1062 (¶ 14). If the rulings were prejudicial, then we must reverse. Id.
¶ 8. Carla Alderson contends that the special chancellor and Glenn Alderson's father were familiar with each other and that this familiarity would affect the special chancellor's impartiality. The rulings made by the chancellor do not indicate a preference for either party. Carla Alderson was not, therefore, prejudiced by the chancellor's decision. This issue is without merit.

3. GLENN ALDERSON'S CROSS-APPEAL.
¶ 9. As a final consideration, this Court notes that in his brief, Glenn Alderson contends that the chancellor erred by requiring him to pay a portion of the guardian ad litem fees and not awarding the statutory amount of child support. Glenn did not file the required notice of cross-appeal with the clerk of court. M.R.A.P. 4. As such, this cross-appeal is not properly before the Court and may not be considered. M.R.A.P. 2(a)(1).

CONCLUSION
¶ 10. The chancellor did not err in evaluating the Albright factors as he delineated each factor and made specific findings of fact for each. There was sufficient evidence for the chancellor to award custody of the children to Glenn Alderson. The chancellor did not err in failing to recuse himself as Carla Alderson was not prejudiced by the chancellor's rulings. The issues presented by Glenn Alderson in his reply to Carla Alderson's appellate brief were not properly presented to the Court.
¶ 11. THE JUDGMENT OF THE CHANCERY COURT OF LAFAYETTE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR.