SUGG, Justice:
This appeal is from the Circuit Court of Marshall County, Mississippi wherein the defendant, Bobby Joe Fabian, was convicted of murder and was sentenced to death.
The defendant, by his testimony at the trial, admitted his guilt and by this appeal presents two questions for determination: (1) Was there sufficient evidence upon which the jury could make a determination that the crime was committed in Marshall County, Mississippi, rather than in the State of Tennessee? (2) Should the sentence of death have been imposed upon the defendant ?
A gold Cadillac containing the body of George Lenox was found on the morning of March 10, 1970 on the west side of By-halia Road in Marshall County, Mississippi about two miles south of the Tennessee State line. Photographs introduced into evidence showed Lenox’ body in the front seat of the car with the head positioned against the right front door. Considerable blood was found in the car, and underneath the automobile was a pool of blood which had dripped through the floor. A professional, forensic pathologist testified that two shots were fired into the decedent’s head with the projectiles passing through his brain, and that either shot could have caused death. The pathologist further testified that. Lenox could have lived one hour after the first shot; that *56 Lenox was alive when the second shot was fired; that the vehicle was at rest when the second shot was fired; and that, in his professional opinion, Lenox was killed in Marshall County, Mississippi.
The defendant signed a confession on December 21, 1971 while a prisoner in the Louisiana State Penitentiary. The statement was signed in the presence of three Mississippi officers and in his confession defendant stated that he was paid $15,000 to kill George Lenox by one Williamson; that he was assisted by one Abels whom he had just met; that on the morning of the murder he, together with Williamson and Abels, parked near the driveway of George Lenox and placed a tire on the ground as if they had tire trouble. When Lenox came out of his drivéway, he passed them, and they followed Lenox until he stopped. Defendant went to the driver’s side of Lenox’ car, pointed a .38 pistol in the partially opened window, opened the door, pushed Lenox aside and took control of the car. At the same time Abels got in the right rear of Lenox’ car. Defendant then tied Lenox’ hands behind his back with a “trout” line and proceeded to the point where he killed Lenox. In his confession he stated that he killed Lenox about one or one-half mile from the place where they found the car and did not recall how many times he shot him. He and Abels left the scene of the crime in a car with a man named Williamson, referred to as “Fat-man.”
At the trial defendant repudiated the facts contained in his confession and testified that he and Fred Thomas escaped from a jail in Oklahoma and came to Memphis, Tennessee; that Fred Thomas gave defendant and Abels $5,000 each on March 9, 1970 to kill George Lenox. He testified further that he and Abels got in the car with Lenox and as they were making the turn at the intersection of Holmes and Byhalia Roads, a point in Tennessee, Abels shot Lenox; that they stopped and Fred Thomas, who was following them in another gold Cadillac, joined them and they discussed the situation for eight or nine minutes; that they then proceeded to the point where the car was found and had Fred Thomas fire a second shot into the head of Lenox. The defendant stated the reason for the second shot was so that Fred Thomas would be directly implicated in the incident.
On this conflicting evidence the jury found the defendant .guilty, thereby determining that the murder of George Lenox occurred in Marshall County, Mississippi rather than the State of Tennessee. We hold that the evidence was sufficient to sustain the verdict of the jury and that the state met the burden of proving venue. See State v. Fabian, 263 So.2d 773 (Miss.1972).
The state admits that the trial court erred in imposing the death penalty on the defendant. See Hudson v. McAdory, 268 So.2d 916 (Miss.1972) ; Furman v. Georgia; Jackson v. Georgia; Branch v. Texas, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).
 This case points up the problem of properly instructing a jury when the defense is lack of venue. In such cases, the jury should be instructed to find the defendant not guilty for lack of venue if it finds the venue is in another county or state. An acquittal solely on the ground of lack of venue would not constitute double jeopardy and bar prosecution in the county having venue.
Affirmed and remanded for resentenc-ing.
GILLESPIE, C. J., and PATTERSON, INZER and SMITH, JJ., concur.