742 So.2d 1183 (1999)
Donald McGOWAN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 96-KA-01249-COA.
Court of Appeals of Mississippi.
June 22, 1999.
Tom Sumrall, Crestview, FL, Attorney for Appellant.
Office of the Attorney General by Deirdre McCrory, Attorney for Appellee.
BEFORE McMILLIN, C.J., SOUTHWICK, P.J., AND COLEMAN, J.
SOUTHWICK, P.J., for the Court:
¶ 1. Donald McGowan was convicted by a Harrison County Circuit Court jury of *1184 touching a child for lustful purposes. Four errors are alleged on appeal: 1) failure to prove venue, 2) error in admitting evidence of prior physical contact between the victim and McGowan, 3) error in allowing hearsay testimony, and 4) imposition of an illegal sentence. The State concedes that the sentence is illegal. We find no other error and reverse solely for resentencing.

FACTS
¶ 2. The victim was thirteen at the time of the trial and eleven at the time of the incident. The young boy testified at trial that in December of 1993, he was driven from his home in Long Beach by McGowan to attend a "Monster Truck Show" at the Mississippi Coast Coliseum in Biloxi. The two were alone in the vehicle. Within ten minutes of leaving the boy's home, McGowan placed his hand inside the boy's pants and felt his penis. McGowan denied that this occurred.
¶ 3. McGowan was indicted for this sexual offense, convicted, and sentenced to fifteen years without the possibility of parole.

DISCUSSION

Issue 1: Venue
¶ 4. All the events in this case occurred in Harrison County, but the county is divided into two judicial districts. The victim lived in Long Beach, which is in the First Judicial District, but he was traveling to a town in the Second Judicial District when the incident occurred. There are two statutes relevant to this venue issue. The first statute contains a general statement about venue:
The local jurisdiction of all offenses, unless otherwise provided by law, shall be in the county where committed. But, if on the trial the evidence makes it doubtful in which of several counties, including that in which the indictment or affidavit alleges the offense was committed, such doubt shall not avail to procure the acquittal of the defendant.
Miss.Code Ann. § 99-11-3(1) (Rev.1994). The second statute is a specific provision addressing a crime occurring partially in one county and partially in another. Separate judicial districts in one county are for venue purposes the same as separate counties. In the Interest of K.A.R., 441 So.2d 108, 109 (Miss.1983).
When an offense is committed partly in one county and partly in another, or where the acts, effects, means, or agency occur in whole or in part in different counties, the jurisdiction shall be in either county in which said offense was commenced, prosecuted, or consummated, where prosecution shall be first begun.
Miss.Code Ann. § 99-11-19 (Rev.1994).
¶ 5. McGowan was tried in the First Judicial District of Harrison County, which without dispute is the location for the beginning of the trip during which the unlawful touching was said to have occurred. The trial judge took what he said was "judicial notice" that "the defendant would had to have been driving at a rate of speed in excess of 75 or 80 miles an hour to make it out of the First Judicial District while traveling east on Highway 90" and enter the Second Judicial District prior to committing the crime.
¶ 6. Judicial notice can only be taken of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." M.R.E. 201. The noticed fact must in some fashion be subject to review.
¶ 7. Among the examples approved in the comment to Rule 201 is that judicial notice could be taken that a local department store was on a particular street. M.R.E. 201 cmt. That example is a matter "generally known within the territorial jurisdiction" and "capable of accurate and ready determination." On the other hand, *1185 the comment also states that judicial notice is improper "when the fact is a dubious one or one in controversy." Id. Where this crime occurred and whether McGowan and his passenger had crossed over an invisible judicial boundary before this crime occurred is central to the controversy.
¶ 8. What has been judicially noticed here is a perception of time and distance. Perceptions as opposed to exact measurements are inherently inexact. Lay witness estimates of measurements are at least subject to cross-examination; the perceiver's powers of observation and even memory can be challenged. Here, whether the trial judge was correct on his estimate would be difficult to answer on the appellate record. Rule 201 permits judicial notice when there is some context for the opinion that permits its accuracy to be determined. There is troubling inexactness to the point in question. We hesitate to hold that judicial notice can remove that ambiguity.
¶ 9. However, we do not need to decide whether judicial notice applies. The uncertainty as to where the vehicle was located at the time of McGowan's touching of this child makes relevant the statutes that we have already quoted. The "evidence makes it doubtful in which of several counties" the offense occurred and consequently "such doubt shall not avail to procure the acquittal of the defendant." Miss. Code Ann. § 99-11-3(1) (Rev.1994). There was some evidence that the crime occurred in the first district, but there was no especially persuasive evidence dismissing the possibility of venue in the second district. In this circumstance, ambiguity as to venue does not require acquittal for the crime. This does not mean that the statute, for example, would have permitted a conviction in Hancock County, as there was no evidence that the crime could have occurred there. It does permit a conviction in either the first or second district of Harrison County. If the crime occurred, and the jury found that it did, it was committed in one of those two districts. The statute applies when evidence demonstrates that it is quite difficult to know where the crime occurred.
¶ 10. In addition, the offense arguably was "commenced, prosecuted, or consummated" in the first district. Miss.Code Ann. § 99-11-19 (Rev.1994). The supreme court has held that the filing of false land deeds in one judicial district can be the "commencement" of a crime for purposes of a prosecution in another judicial district on the charge of false pretenses. Rogers v. State, 266 So.2d 10, 19 (Miss.1972). Rogers had been tried in the Second Judicial District of Harrison County, but at the time the deeds were recorded, they had to be recorded in the First Judicial District. Id. at 10, 16. "The recordation of these deeds was the center from which the web was woven to wrongfully ensnare the State's money." Id. at 20. It is evident that jurisdiction would have been proper in either district given that the court actually found venue in the Second Judicial District and also found the crime had been commenced in the First Judicial District.
¶ 11. A reasonable juror could have concluded that for venue purposes McGowan commenced his crime by isolating himself with the young boy when he picked him up at the house. The choosing of the moment to begin fondling the victim was just the consummation of the crime. Picking up the victim in Long Beach was "the center from which the web was woven to wrongfully" touch the victim. That in no way answers other perhaps related questions, such as at what stage McGowan might have become guilty of an attempt if the crime itself was thwarted.
¶ 12. Since no jury instructions gave this definition of venue, we explain section 99-11-19 but do not rely upon it. We resolve the venue issue because of section 99-11-3.

Issue 2: Testimony of other conduct involving McGowan and the victim
¶ 13. McGowan argues that it was error to allow testimony from the victim *1186 about other incidents, both before and after the fondling, in which McGowan purportedly kissed and hugged the victim. He acknowledges that "substantially similar prior sexual acts with the same person, that is, sexual acts of the same general type as those charged in the indictment, are as a matter of common sense probative of the issue being tried." Coates v. State, 495 So.2d 464, 468 (Miss.1986). Even so, McGowan argues that hugging and kissing are not "substantially similar" to the touching of a victim's penis by an assailant. That is true. Even while recognizing and citing Coates, though, the supreme court has said that evidence of "licentious disposition and lust for the victim" by an accused is admissible in child molestation cases. Lovejoy v. State, 555 So.2d 57, 58 (Miss.1989). Photographs taken by the accused showing the child victim in the nude were found admissible in order to establish the defendant's lust for the person that he was accused of raping. Id.
¶ 14. To the extent the evidence here is not as strong regarding lustful behavior, we do not find that to make it inadmissible. The weakness makes the evidence less persuasive and prejudicial but not less relevant. Indeed, it is after a particular incident in which McGowan hugged and kissed the boy almost a year after the crime that the child first revealed the earlier incident to his family.
¶ 15. Given the specific facts of this case, we find that the hugging and kissing of a young boy who is unrelated, who is some twenty-six years younger than the accused, one incident of which involved an element of force (hair pulling), is admissible testimony. Common sense is the standard and it does not favor McGowan.

Issue 3: The application of the "tender years" exception to the hearsay rule
¶ 16. Officer Robert White talked to the child victim soon after the crime was reported. At trial, he was permitted to testify over objection about the contents of the victim's statement and as to the victim's demeanor when relating the incident. The child also testified at trial. McGowan argues that the officer's testimony was irrelevant and inadmissable. McGowan maintains that the victim testified calmly and presented himself well. McGowan argues that the only reason the testimony was allowed was to reinforce the victims's own testimony.
¶ 17. The officer's account of the victim's statement was admitted under this hearsay exception:
A statement made by a child of tender years describing any act of sexual contact performed with or on the child by another is admissible in evidence if: (a) the court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide substantial indicia of reliability; and (b) the child either (1) testifies at the proceedings; or (2) is unavailable as a witness: provided, that when the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.
M.R.E. 803(25).
¶ 18. The supreme court has recently determined that "a child under twelve is rebuttably presumed to be of tender years and that, where a person is twelve or older, a trial court must make a factual determination as to whether that person is of tender years based on mental age." Veasley v. State, 735 So.2d 432 (¶ 1) (Miss. 1999). The victim in this case was eleven at the time that the statement was made to the police. By the time of his testimony at trial, he was thirteen. This brings up a threshold question: what is the relevant date for applying the presumption? The evidentiary rule refers to a "statement made by a child of tender years," which can only mean the age of the child at the time that the relevant statement was made. Presumably, a child of such young age is considered to have maintained sufficient innocence and remains free of the calculations that lead older youths and *1187 adults to fabricate stories. The supreme court discussed such reasoning in highlighting the evidentiary principle that applied before M.R.E. 803(25) was adopted: "Hearsay testimony concerning the details of a complaint of sexual assault is admissible [where] the complainant is of `tender years' if her statement is shown to have been spontaneous and without indication of manufacture, and if any delay [in] making the complaint is excusable insofar as it is caused by fear or other equally effective circumstances." Veasley at (¶ 11). Regardless of the rationale for the rule, we hold that it is the age of the child at the time of the statement that is relevant.
¶ 19. Since the victim was not yet twelve when he made the statements to Officer White, he was presumptively of tender years. There was no need for the court to make an on-the-record evaluation of the child victim's mental and emotional age at the time of the statement. Consequently, Officer White could testify as to what the child had told him. The fact that the child also testified actually is one of the factors that makes the statement admissible. M.R.E. 803(25)(b)(1).

Issue 4: Illegal sentence
¶ 20. McGowan was sentenced under a version of the law that did not come into effect until after the date of the crime. The invalidity of the sentence is not disputed by the State. At the time of the crime in December 1993, the maximum sentence was ten years; McGowan received a fifteen year sentence. Miss.Code Ann. § 97-5-23 (Rev.1994), amended 1995 Miss. Laws ch. 487 § 1. The retroactive application of a sentencing statute is an ex post facto violation. King v. State, 304 So.2d 650, 650-51 (Miss.1974). McGowan will need to be re-sentenced in accordance with the version of the statute that was in effect at the time that the crime was committed.
¶ 21. The portion of the sentence disqualifying the defendant from parole eligibility is argued to be ineffective by McGowan, but irrelevant by the State. The disqualification for parole consideration of sex offenders was not in effect in December of 1993. Miss.Code Ann. § 47-7-3(1)(b) (Supp.1998) (effective June 30, 1995). The State's argument of irrelevance arises from the fact that "granting of parolee or denial of parolee, under § 47-7-3 is the exclusive responsibility of the state parole board, which is independent of the circuit court's sentencing authority." Mitchell v. State, 561 So.2d 1037, 1039 (Miss.1990). Since we are reversing for resentencing, we only point out the inapplicability of the 1995 parole statute. Even if an error occurs in the sentence regarding parole, the supreme court has held that "eligibility for parole is solely a matter under the jurisdiction of the state probation and parolee board, which must follow the dictates of § 47-7-3." Id. Thus the State's argument that an invalid prohibition on parole would simply be ignored is probably correct. It would be preferable that the new sentence make no such incorrect statement.
¶ 22. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF UNLAWFUL TOUCHING OF A CHILD IS AFFIRMED. THE SENTENCE OF 15 YEARS WITHOUT POSSIBILITY OF PAROLE IS REVERSED AND THE CAUSE IS REMANDED FOR A NEW SENTENCE TO BE IMPOSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, AND PAYNE, JJ., CONCUR.
THOMAS, J., NOT PARTICIPATING.