# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-KA-01511-SCT

*LATISH TAYLOR HILL*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/29/1999 |
| TRIAL JUDGE: | HON. RICHARD W. McKENZIE |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | J. B. VAN SLYKE, JR. |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: CHARLES W. MARIS, JR |
| DISTRICT ATTORNEY: | E. LINDSAY CARTER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 03/22/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/12/2001 |

**BEFORE BANKS, P.J., SMITH AND EASLEY, JJ.**

**EASLEY, JUSTICE, FOR THE COURT:**

¶1. Convicted of murder and sentenced to a term of life in the custody of the Mississippi Department of Corrections by the Forrest County Circuit Court for the August 18, 1996 suffocation murder of her infant son, Kelton Hill ("Kelton"), Latish Hill ("Hill") appeals and asserts that the State failed to prove venue in Forrest County and that the circuit court committed reversible error in admitting autopsy photographs of Kelton's body, in admitting proof that Hill purchased a life insurance policy on Kelton the day she was bonded out of jail on other charges, and in denying her JNOV/new trial motion. Finding no reversible error, this Court affirms.

## FACTS

¶2. Hill was found guilty of the offense of murder in Cause No. 20,196, in the Circuit Court of Forrest County, Mississippi, and sentenced to a life term. The trial judge, Circuit Judge Richard W. McKenzie, on July 29, 1999, signed the order adjudging Hill guilty.

¶3. Hill argued a Motion to Prohibit Testimony of Prior Convictions and a Motion In Limine to Prohibit Testimony Relating to Insurance Policies, among others. The trial court denied all of Hill's motions.

¶4. Hill told Officer Mel Riley of the Jones County Sheriff's Department that her son, Kelton, died while traveling from Hattiesburg to Laurel on Interstate 59. She stated she had just passed the Glendale Exit on Interstate 59 when Kelton started having trouble breathing. Officer Riley testified that the Glendale exit is in Forrest County, four miles south of the county line which separates Forrest and Jones Counties. Officer Riley further testified that the church at which Hill stopped was in Jones County about a tenth of a mile from

the county line. When Hill arrived at the church, Kelton was limp and not breathing on his own. Others at the church tried in vain to save Kelton even trying CPR.

¶5. An autopsy was performed on Kelton's body by Dr. Steven Hayne, Medical Examiner for the State of Mississippi. Photographs of Kelton's body on a table were introduced over the defense's objection of no probative value. Dr. Hayne testified that it was something used in the assessment of the autopsy as to any evidence of medical intervention, primarily bruising from the CPR. The trial court allowed the photographs. Dr. Hayne's findings were consistent with death by suffocation.

¶6. The State introduced evidence of Hill being arrested with her husband and bonding out of jail and the next day buying a life insurance policy on Kelton for $10,000.00 that was severed from the other existing policies. The trial court in pretrial motions allowed the introduction of the bonding out and the insurance policy in order to paint a complete picture, but it prohibited mentioning why Hill was previously arrested in Jones County, Mississippi.

¶7. Mary Taylor, a convicted murderer incarcerated at the Central Mississippi Correctional Facility, testified that, in a private conversation at the prison, Hill confessed to having suffocated Kelton. According to Taylor's testimony, Hill stated that she had strangled the child in order to obtain insurance money to take care of her husband, who was in prison. Jennifer Mitchell, another inmate, testified that Hill had similarly confessed to her to having "smothered" Kelton in order to obtain insurance money. Each of these women reported the confessions to law enforcement.

¶8. Hill was convicted of the murder of her child by a Forrest County jury on July 29, 1999. Alleging reversible error in the trial below, Hill appeals to this Court.

## DISCUSSION

### I. Venue

¶9. Hill argues that the trial court committed reversible error in refusing to grant her motion for a directed verdict on the ground that the State had failed to prove that venue existed in Forrest County, Mississippi.

¶10. Proof of venue is an essential part of criminal prosecution, and the State bears the burden of proving venue beyond a reasonable doubt. *Crum v. State*, 216 Miss. 780, 787, 63 So.2d 242, 244 (1953); *Hester v. State*, 753 So.2d 463, 467 (Miss. Ct. App. 1999). Venue may be proved by either direct or circumstantial evidence. *Jones v. State*, 606 So.2d 1051, 1055 (Miss. 1992). Miss. Code Ann. § 99-11-19 (2000) provides that:

> When an offense is committed partly in one county and partly in another, or where the acts, effects, means, or agency occur in whole or in part in different counties, the jurisdiction shall be in either county in which said offense was commenced, prosecuted, or consummated, where prosecution shall be first begun.

¶11. Miss. Code Ann. § 99-11-3(1) (2000) provides that:

> The local jurisdiction of all offenses, unless otherwise provided by law, shall be in the county where committed. But, if on the trial the evidence makes it doubtful in which of several counties, including that in which the indictment or affidavit alleges the offense was committed, such doubt shall not avail

to procure the acquittal of the defendant.

While the ultimate burden of proving venue that rests upon the State is beyond a reasonable doubt, this is a standard of proof before the jury, not the trial judge. ***State v. Fabian***, 263 So.2d 773, 775 (Miss. 1972).

¶12. We hold that, based on the aforementioned authorities, the evidence at trial was sufficient to establish venue in Forrest County. As long as the evidence is sufficient to lead a reasonable trier of fact to conclude that the crime in the present case occurred at least partly in Forrest County, then the evidence of venue is sufficient. The State's proof of venue was supported by the testimony of Officer Mel Riley, an investigator with the Jones County Sheriff's Department. Officer Riley testified that Hill gave him a statement in which she indicated that she was returning from Hattiesburg on Highway 59 and "had just passed the Glendale exit" when her baby began to have trouble breathing. Officer Riley testified that the Glendale exit is in Forrest County. Officer Rusty Keyes, a detective with the Hattiesburg Police Department, also relied on Hill's statement in establishing that the alleged crime occurred at least partly in Forrest County.

¶13. Hill argues that this testimony is insufficient to establish venue, noting that neither Officer Riley nor Keyes had any first hand knowledge of her whereabouts. Hill complains that the officers purported to establish venue based solely on her statement, in which she attempted to provide an innocent explanation for her baby's death. Indeed, Hill did not confess in her statement to having strangled her baby, instead insisting that the baby began having breathing problems of an uncertain nature. Hill argues that the jury should not be permitted to disbelieve her statement for the purposes of determining guilt, while nevertheless using the statement as a basis for establishing venue.

¶14. While this issue is a close one, we hold that this Court's deferential standard of review on appeal of a guilty verdict dictates an affirmance. The Court has stated in ***Pate v. State***, 419 So.2d 1324, 1326 (Miss. 1982), "[g]enerally, it is the function of the jury to pass upon the weight and worth of the evidence and to determine the credibility and veracity of the witnesses". It was for the jury to determine whether Hill's statement was credible, and the jury might reasonably disbelieve Hill's statement as it relates to her guilt or innocence, while at the same time accepting the statement as at least partially true for the purposes of establishing venue. This point of error is without merit.

## II. Autopsy Photographs

¶15. Hill next alleges that the trial court committed reversible error by admitting into evidence autopsy photographs depicting bruises on her son's chest caused by the attempts to revive him via CPR. This Court has repeatedly held that the admission of photographs lies within the discretion of the trial judge, and this Court will uphold the admission of such evidence absent an abuse of discretion. ***McFee v. State***, 511 So.2d 130, 134 (Miss. 1987). In ***Walters v. State***, 720 So.2d 856, 861 (Miss. 1998) (quoting ***Brown v. State***, 682 So.2d 340, 353 (Miss. 1996)), this Court stated that the "discretion of the trial judge runs toward almost unlimited admissibility regardless of the gruesomeness, repetitiveness, and the extenuation of probative value." The statement by Hill given to Officer Riley was that CPR was performed on Kelton before he died.

¶16. The photographs in the present case did serve a proper evidentiary purpose, specifically in clarifying the testimony of Dr. Steven Hayne, State Medical Examiner. Dr. Hayne had used the photographs regarding evidence of any medical intervention to explain the bruising. We hold that the trial judge did not abuse his discretion in admitting the photographs, and this point of error is without merit.

## III. Life Insurance Policy

¶17. Hill next alleges that the trial court committed reversible error in allowing certain testimony regarding insurance policies which she took out on the life of her son. The actual arguments which Hill advances in this portion of her brief, however, relate to evidence of prior bad acts.

¶18. The testimony at trial established that Hill and her husband were both arrested on March 18, 1996, for a crime unrelated to the present one and that Hill bonded out the next day. Hill purchased insurance on the life of her son the same day she bonded out of jail. Hill argues that "the State could have presented a complete story as to their theory without mentioning the Defendant's arrest." The amount of the insurance policy purchased on Hill's infant son was $10,000. This amount was ten percent of her husband's $100,000 bond which would allow her husband to bond out of jail.

¶19. In the view of this Court, this argument is without merit. We hold that the evidence of the arrest of Hill and her husband was relevant under Mississippi Rules of Evidence 404(b) to demonstrate a possible motive on the part of Hill for murdering her child. M.R.E. 404(b) provides that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive ....

The State contends that Hill's motive for killing her child was to obtain money to bail her husband out of jail. We agree that the evidence of Hill's prior arrest was not introduced to establish that Hill was of poor character, but rather to establish a possible motive for the murder of her son. As such, the evidence of her prior arrest was admissible, and this point of error is without merit.

## IV. Denial of JNOV/New Trial

¶20. Hill argues that the trial court committed reversible error in denying her motion for new trial or, in the alternative, for a judgment notwithstanding the verdict on the primary grounds that the State had failed to prove that venue existed in Forrest County and the trial court erred in allowing in the photographs of the deceased child and the introduction of testimony as to the insurance policy. These issues have already been addressed by the Court. These points of error are equally without merit as they relate to the denial of Hill's motion for a new trial or, in the alternative, for a judgment notwithstanding the verdict.

## CONCLUSION

¶21. The issues presented by Hill are without merit and do not support a basis for reversal of the trial court's judgment. Therefore, the judgment of the Forrest County Circuit Court is affirmed.

¶22. **CONVICTION OF MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED. SAID SENTENCE TO RUN CONSECUTIVELY TO ANY SENTENCE APPELLANT IS NOW SERVING**.

**BANKS AND McRAE, P.JJ., SMITH, MILLS, WALLER, COBB AND DIAZ, JJ., CONCUR. PITTMAN, C.J., NOT PARTICIPATING.**