763 So.2d 177 (2000)
Zion GARRETTE A/K/A Zion Garrette, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-CP-00987-COA.
Court of Appeals of Mississippi.
February 8, 2000.
*178 Zion Garrette, pro se, Appellant.
Office of the Attorney General by Pat S. Flynn, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., DIAZ, AND PAYNE, JJ.
PAYNE, J., for the Court:

PROCEDURAL HISTORY
¶ 1. In May 1996, Zion Garrette was indicted for four separate crimes and on September 24, 1996, Garrette entered pleas of guilty to all four crimes and was sentenced to imprisonment with the Mississippi Department of Corrections for each crime, said sentences to run concurrently. Garrette appealed for post-conviction relief on one of the four crimes, burglary of a dwelling with a weapon, and the Holmes County Circuit Court denied his petition. Feeling aggrieved, Garrette now appeals.

FACTS
¶ 2. All of the crimes with which Zion Garrette was charged, and to which he pled guilty were contained in a single May 1996 indictment and appeared in a single September 1996 judgment order. Described in the chronological order in which each occurred, the crimes in the May 1996 indictment and subsequent judgment are as follows:
¶ 3. On April 25, 1995, Garrette sold 1/10 of a gram of cocaine to Darnell Hodges. Following a guilty plea for this crime, Garrette was sentenced to serve ten years with the MDOC.
¶ 4. The evening of July 31, 1995, Garrette, armed with a shotgun, entered the home of Maxine Cobbins in Lexington, Mississippi where he intended to steal property from Cobbins. For this crime, Garrette pled guilty to burglary of a dwelling with a weapon and was sentenced to serve ten years with the MDOC. This is the crime at issue with this appeal.
¶ 5. On September 3, 1995, Garrette was caught with stolen car parts in his possession and was charged with possession of stolen property. Garrette pled guilty and was sentenced to serve five years with the MDOC.
¶ 6. On December 18, 1995, Garrette escaped from the Holmes County jail and was subsequently apprehended and charged with escape. Following a guilty plea, Garrette was sentenced to serve five years with the MDOC.

ARGUMENT AND DISCUSSION OF THE LAW

STANDARD OF REVIEW
¶ 7. This appeal regards only Garrette's conviction of felony burglary of a dwelling. In his brief, Garrette lists several issues with his appeal; however, he only addresses two of these issues and, thus, we will respond to these two alone.
¶ 8. First, Garrette argues his guilty pleas were not made knowingly, intelligently, and voluntarily. Second, Garrette argues his counsel was ineffective.
¶ 9. The case of Brown v. State, 731 So.2d 595 (Miss.1999) describes the applicable standard of review to follow in reviewing a trial court's denial of post-conviction relief. "When reviewing a lower court's decision to deny a petition for post conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo." Id. at 598.
*179 ¶ 10. Finding no evidence the trial court's findings were clearly erroneous, we now affirm.

ANALYSIS OF THE ISSUES PRESENTED

I. WHETHER OR NOT GARRETTE'S PLEAS OF GUILTY WERE KNOWINGLY AND VOLUNTARILY MADE.
¶ 11. Rule 8.04 of the Uniform Rules of Circuit and County Court Practice states, "Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record." URCCC 8.04.
¶ 12. "A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." Edwards v. State, 749 So.2d 291 (Miss.Ct. App.1999) (citing Brady v. U.S., 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)).
¶ 13. Nowhere in the transcripts of the plea hearing is there any evidence Garrette was coaxed into pleading guilty due to fear, violence, deception, or improper inducements. Nor were there any threats, misrepresentations, or false promises on which Garrette relied in making his decision.
¶ 14. In his brief, Garrette cites the rule that a showing that a plea of guilty was voluntarily and intelligently made must appear in the record; he then cites to pages in the record wherein he claims the dialogue proves he did not understand the charges to which he was pleading. Reviewing the transcript, we find Garrette's interpretation of the dialogue to be faulty and misconstrued as the language expressed in the transcript of the hearing details Garrette's acknowledgment that he fully understood the ramifications of his decision to plead guilty to all four charges.
¶ 15. The judge described the Constitutional rights Garrette was waiving by pleading guilty. The judge also explained each charge individually, asking Garrette if he understood the nature of the charges against him and whether he wished to plead guilty, each time to which Garrette replied in the affirmative. Reviewing this argument, we find no error here as Garrette knowingly, intelligently, and voluntarily entered his guilty plea.

II. GARRETTE'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 16. The test for determining effective assistance of counsel is stated in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
In order to succeed on any ineffective assistance of counsel claim, the appellant must satisfy the two-part test articulated in Strickland v. Washington ... which requires a showing that (1) counsel's performance was deficient and (2) that the deficiency prejudiced the defense. "The burden to demonstrate both prongs is on the defendant who faces a strong but rebuttable presumption that counsel's performance falls within the broad spectrum of reasonable professional assistance." "Only where there is a reasonable probability that without counsel's errors the outcome of the trial would have been different will this Court find ineffective representation."
Wiltcher v. State, 724 So.2d 933, 935-36 (Miss.Ct.App.1998) (citations omitted). Garrette lists several reasons he feels his counsel failed to provide effective assistance. *180 However, only two specific allegations require our attention as the others are without evidential support.

a. Faulty indictment
¶ 17. Garrette claims his trial counsel did not timely object to the improper format of his indictment; therefore, his sentence should be remanded for consideration pursuant to the proper charge. Specifically, Garrette argues his counsel failed to object to the improper omission of the jury foreman's signature on the face of the indictment. As stated in Johnson v. State, 753 So.2d 449 (Miss.Ct.App.1999), however, only in limited circumstances will a guilty plea not waive a defect in the indictment.
There are only two exceptions in which a voluntary guilty plea does not waive a defect: (1) if an indictment fails to charge a necessary element of the crime and (2) there is no subject matter jurisdiction. Further the Mississippi Supreme Court has recognized "that a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial."
Id. at 455 (citing Anderson v. State, 577 So.2d 390 (Miss.1991)).
¶ 18. Garrette's voluntary plea waived the indictment defect as the failure to sign neither regarded a necessary element of the crime nor did such failure constitute a question regarding subject matter of the crime. Finding no error, we find the issue of the faulty indictment not to be grounds to find Garrette's counsel was ineffective.

b. Sentence to lesser charge
¶ 19. Garrette alleges his attorney tricked him into thinking he was pleading to a lesser charge of burglary of a dwelling and not to the charge for which he was indicted, armed burglary of an inhabited dwelling at night. Moreover, Garrette argues he should be re-sentenced under the correct statute for the lesser crime.
¶ 20. Garrette committed the burglary in July 1995 and he was indicted pursuant to § 97-17-27.[1] The sentence for burglary of a dwelling ranges from three to twenty-five years, pursuant to Miss.Code Ann. § 97-17-23 (Supp.1999). Garrette's sentence of ten years was within this statutory guideline for his crime.[2]
*181 ¶ 21. "[T]he general rule in this state is that a sentence cannot be disturbed on appeal so long as it does not exceed the maximum term allowed by statute." Hoops v. State, 681 So.2d 521, 538 (Miss.1996) (citing Fleming v. State, 604 So.2d 280 (Miss.1992)). As previously described, the ten year sentence did not exceed the maximum period allowed by statute; therefore, we will not disturb on appeal.
¶ 22. Further in support of his allegation that his counsel was ineffective, Garrette attached a copy of his brief in support of post-conviction relief which described supposed attorney deficiencies with regard to Garrette's guilty plea to the burglary of a dwelling charge. Though this petition for post-conviction relief does not appear in the court's record, we presume the judge considered it fully as her opinion and order specifically denied allegations set forth in the petition.
The burden is on [appellant] to make sure there is a complete record that supports all of [his] arguments. As a matter of fact, it is an appellant's duty to justify his arguments of error with a proper record, which does not include mere assertions in his brief, or the trial court will be considered correct.
American Fire Protection, Inc., et al. v. Lewis, 653 So.2d 1387, 1390 (Miss.1995) (citations omitted). Accordingly, we decline to address further the specific allegations of misconduct contained in this petition.
¶ 23. Garrette offers support, though illogical, that at his plea hearing he was incorrectly sentenced to the greater offense. In support of the contrary, however, the trial transcript includes statements wherein the prosecuting attorney referred to the crime at issue as "the lesser included offense of burglary of a dwelling." More importantly, the prosecutor explicitly stated in his opening remarks at the plea proceedings that Garrette was indicted on burglary of an inhabited dwelling at night while armed and was going to enter a plea to burglary of a dwelling, a lesser-included charge on that case. (emphasis added). Therefore, we find Garrette's argument that he was incorrectly sentenced for the greater offense to be without merit.
¶ 24. As herein stated, Garrette's assertion that he was sentenced to the wrong crime as well as other arguments Garrette proposes in support of his claim of ineffective assistance of counsel, are without merit and in no way support such a claim.

CONCLUSION
¶ 25. The trial court was proper in denying Garrette's petition for post-conviction relief as his plea of guilty to the burglary charge was knowingly, intelligently, and voluntarily made and his counsel performed adequately as to evade a finding of ineffective assistance.
¶ 26. THE JUDGMENT OF THE CIRCUIT COURT OF HOLMES COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HOLMES COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, MOORE, AND THOMAS, JJ., CONCUR.
NOTES
[1] In April 1996, § 97-17-27 was repealed, being replaced by an amended § 97-17-23. The new statute changed the definition of the crime of burglary of a dwelling so that no distinction existed as to whether or not the burglar was armed or unarmed and whether the burglary occurred at night or at day. Also, the new § 97-17-23 changed the sentencing for the newly described burglary of a dwelling from a maximum of ten years to a range of three to twenty-five years.
[2] No mention is made in the record or in the briefs concerning under which statute Garrette was indeed sentenced. Therefore, we briefly study the court's reasoning and explain why Garrette's sentence was proper for the lesser charge and why the sentence was proper pursuant to either § 97-17-23 or § 97-17-27, the statute under which Garrette was indicted.

"The United States Supreme Court has interpreted Article I, § 9, of the United States Constitution to forbid the enactment of any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time the act was committed.... The Supreme Court, keeping with its original understanding, held the Ex Post Facto Clause "was aimed at laws that `retroactively alter the definition of crimes or increase the punishment for criminal acts.'" Christmas v. State, 700 So.2d 262, 267 (Miss.1997) (citing Perkins v. State, 487 So.2d 791 (Miss.1986)).
Pursuant to the rule cited in Christmas, Garrette could properly have been sentenced under the new rule without such violating the ex post facto clause. Under the amended statute, the penalty for burglary of a dwelling ranged from three to twenty-five years; the previous statute set the penalty at a maximum of ten years. Pursuant to the rule stated in Christmas, since Garrette's ten year sentence was substantially less than it could have been under the new statute whose maximum was twenty-five years, we find no ex post facto violation as the new statute, though increased penalties, did not impose any hardship on Garrette as his sentence was within both the old statute as well as the new statute.
In McGowan v. State, 742 So.2d 1183 (Miss. Ct.App. 1999), McGowan committed a crime at a date prior to an amendment to the applicable statute which provided a greater penalty for the crime. McGowan's sentence was in excess of the statute in place at the time of the commission of his crime and the court found his sentence under the new statute was an ex post facto violation and ordered McGowan to be re-sentenced in accordance with the version of the statute that was in effect at the time that the crime was committed.
In light of jurisprudential interpretations set forth in both Christmas and McGowan with regard to ex post facto laws, we find Garrette's sentence was properly within statutory guidelines and needs no re-evaluation.