# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-KA-01696-COA

**BOBBY KIDDER**                                                                 **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                         **APPELLEE**

DATE OF JUDGMENT:                 10/25/2018
TRIAL JUDGE:                      HON. LINDA F. COLEMAN
COURT FROM WHICH APPEALED:        QUITMAN COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:          MARK KEVIN HORAN
                                  BRADLEY DAVID DAIGNEAULT
ATTORNEY FOR APPELLEE:            OFFICE OF THE ATTORNEY GENERAL
                                  BY: ABBIE EASON KOONCE
DISTRICT ATTORNEY:                BRENDA FAY MITCHELL
NATURE OF THE CASE:               CRIMINAL - FELONY
DISPOSITION:                      AFFIRMED - 04/20/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

## BEFORE BARNES, C.J., GREENLEE AND WESTBROOKS, JJ.

## WESTBROOKS, J., FOR THE COURT:

¶1.     This appeal stems from Bobby Kidder's conviction and sentence in the Quitman County Circuit Court before Judge Linda F. Coleman on October 25, 2018. He raises issues concerning whether the issue of venue should have been submitted to the jury and whether the jury was properly instructed regarding assault. Finding no error, we affirm the conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

¶2.     On the evening of February 26, 2016, Jennifer Hentz and her mother, Monica Ross,

were driving separate cars slowly along Dummyline Road (a gravel road). Kidder pulled behind them in his truck, and as the cars slowed down, he began to follow closely. Ross pulled over to the side of the road to allow him to pass. As Kidder passed, the passenger in his vehicle pointed a gun out of the window at Ross, who then attempted to dial 911, but the call dropped. Kidder then turned around and hit Ross's car. Kidder reversed and drove forward, hitting Hentz's car causing her airbag to deploy. Both Hentz and Ross sustained injuries, and their cars suffered significant damage. Kidder attempted to flee the scene but crashed in nearby woods. The Quitman County Sheriff's Department responded and ultimately arrested Kidder. The Tallahatchie County Sheriff's Department also responded to the accident scene.

¶3.    Prior to trial, a motion to dismiss was raised as to venue, specifically whether the collision occurred in Tallahatchie County or Quitman County. During pretrial proceedings, Kidder presented Kelly Greenwood as an expert witness in the field of civil engineering and the official county engineer for both Quitman and Tallahatchie Counties, who stated that the entirety of Dummyline Road was within Tallahatchie County. The State provided several witnesses from the Quitman County Sheriff's Department who testified that they believed the area to be in Quitman County. The trial judge denied the motion to dismiss, holding that venue is a question of fact to be resolved by a jury. Prior to the start of the trial, Kidder filed a motion to reconsider, which was heard by the court before jury selection. However, the judge reserved any determination of venue until after witnesses testified regarding the

2

location of the incident.

¶4. During the trial, Ross testified that she and her daughter, Hentz, lived at 788 Dummyline Road in Tallahatchie County; however, her mailbox (located across the street from her home) was in Quitman County. Ross stated that she was less than a block from her home, but on the same side of the road as her mailbox, during the assault.

¶5. Quitman County Deputy Sheriff, Tommy Bryant, told the court that Dummyline Road runs through Panola, Quitman, and Tallahatchie Counties. He explained that Dummyline Road is divided with Quitman County to the west and Tallahatchie County to the east. He further stated that he understood the center of the road to mark the county line. Bryant indicated that the victims' cars were in the southbound lane of the road, which he believed to be Quitman County. Similarly, Jimmy Mathews, the 911 coordinator, indicated that according to the county map, the county line runs down the middle of Dummyline Road with Quitman County to the west.

¶6. Brandon Hodges, an enforcement officer with the Mississippi Department of Transportation, testified for the defense. Hodges stated that he had informed Deputy Bryant that the assault occurred in Tallahatchie County because the unpaved gravel on Dummyline Road marks the start of Tallahatchie County. Kelly Greenwood, the county engineer for both Tallahatchie and Quitman Counties, testified that the whole roadway—all of Dummyline Road—was entirely in Tallahatchie County. Greenwood stated the coordinates for the assault indicated that it occurred 12.7 feet from Quitman County.

¶7. After the state's last witness, the trial court denied Kidder's motion for reconsideration based on Ross's direct testimony that the accident occurred in Quitman County, as well as the testimony of Captain Pratcher of the Quitman County Sheriff's Department, Tommy Bryant, and Jimmy Matthews, the emergency management director for Quitman County. Jury instructions were given for aggravated assault and reckless driving. A jury instruction was not provided for the lesser included offense of attempted simple assault.

¶8. Kidder was found guilty of two counts of attempted aggravated assault in violation of Mississippi Code Annotated section 97-3-7(2)(a)(ii) (Rev. 2014) and was sentenced to serve five years in custody for each count with the two terms set to run consecutively. Kidder filed a motion for judgment notwithstanding the verdict or, in the alternative, a new trial, which was denied. He now appeals, arguing that the court erred in submitting the issue of venue to the jury because there was no genuine issue of material fact for the jury to consider regarding the county in which the collision occurred. Kidder also argues that the court erred in failing to give a jury instruction for the lesser included offense of attempted simple assault.

## DISCUSSION

### I. The issue of venue was properly submitted to the jury.

¶9. Kidder argues that the circuit court erred when allowing the jury to make the determination of proper venue. Mississippi Code Annotated section 99-11-3(1) (Rev. 2015)

4

provides that

> [t]he local jurisdiction of all offenses, unless otherwise provided by law, shall be in the county where committed. But, if on the trial the evidence makes it doubtful in which of several counties, including that in which the indictment or affidavit alleges the offense was committed, such doubt shall not avail to procure the acquittal of the defendant.

Furthermore, Mississippi Annotated Section 99-11-19 (Rev. 2015) specifies that

> [w]hen an offense is committed partly in one county and partly in another, or where the acts, effects, means, or agency occur in whole or in part in different counties, the jurisdiction shall be in either county in which said offense was commenced, prosecuted, or consummated, where prosecution shall be first begun.[1]

¶10. This case calls into question whether the actual offense was committed in Quitman County or Tallahatchie County. "Under Mississippi criminal procedure, questions of fact as to venue are for the determination of the jury and are not to be decided by the trial court." *State v. Fabian*, 263 So. 2d 773, 775 (Miss. 1972). "Venue may be proved by either direct or circumstantial evidence." *Hill v. State*, 797 So. 2d 914, 916 (¶10) (Miss. 2001).

¶11. "In *Presley v. State*, . . . the Mississippi Supreme Court examined Sec. 2419, Code of 1942, which provides that 'if on the trial the evidence makes it doubtful in which of several counties, or judicial districts, or justice of the peace districts, . . . including that in which the

---

[1] We note that Mississippi Code Annotated sections 99-11-3 and 99-11-19 discuss the county in which jurisdiction is proper. However, the Legislature has conflated "jurisdiction" with "venue" in these statutes. "Jurisdiction" is generally defined as the ability of a court to preside over particular persons or subject matter. "Venue" means where the offense was committed (i.e., the county). For purposes of this appeal, the proper county in which to bring suit has been called into question. Thus, despite its language, we view Mississippi Code Annotated sections 99-11-3 and 99-11-19 as discussing venue.

indictment, or affidavit, alleges it, the offense was committed, such doubt shall not avail to procure the acquittal of the defendant.'" *Steed v. State*, 752 So. 2d 1056, 1063 (¶19) (Miss. Ct. App. 1999) (citing *Presley* v. State, 217 Miss. 112, 63 So. 2d 551, 555 (1953)). "The court [in *Presley*] held that such language in a statute eliminates the requirement that proof of venue be proven beyond a reasonable doubt in cases where there is a conflict in the evidence as to which of two or more counties or districts in Mississippi is the place of the offense . . . ." *Id.* In *Steed*, this Court found that "[t]he testimony and evidence presented by the State proved that there was a proper factual question relative to venue which could be presented to the jury." *Id.* at 1064 (¶19).

¶12. Two years later in *Hill* our state Supreme Court held that "[p]roof of venue is an *essential* part of criminal prosecution, and the State bears the burden of proving venue beyond a reasonable doubt." *Hill*, 797 So. 2d at 916 (¶10) (emphasis added). "While the ultimate burden of proving venue that rests upon the State is beyond a reasonable doubt, this is a standard of proof before the jury, not the trial judge." *Id.* at (¶11). *Steed* and *Hill* present a disagreement regarding the state's burden of proof relative to venue in a criminal trial. This is a conflict that we encourage our state's highest court to resolve.

¶13. In *Hill*, proof of venue was supported by the statement of the defendant that she had just passed the Glendale exit when her son started having breathing problems. *Id.* at 915 (¶4). A Jones County Sheriff's investigator and a detective with the Hattiesburg Police Department both testified that the exit location is in Forrest County. *Id.* Hill argued that

6

neither officer had personal knowledge of her whereabouts and that the statement was not an admission that she strangled her son. *Id.* at 916 (¶13). Hill continued that the jury should not be permitted to disbelieve her statement for the purposes of determining guilt, while nevertheless using the statement as a basis for establishing venue. *Id.* Our Supreme Court stated, "While this issue is a close one, we hold that this Court's deferential standard of review on appeal of a guilty verdict dictates an affirmance." *Id.* at (¶14). And "'it is the function of the jury to pass upon the weight and worth of the evidence and to determine the credibility and veracity of the witnesses.'" *Id.* at 916-17 (¶14) (quoting *Pate v. State*, 419 So. 2d 1324, 1326 (Miss. 1982)).

¶14.    Here, several of the State's witnesses, including officers, testified that they believed the collision occurred in Quitman County. The State's witness also testified that all of Dummyline Road was not in one county. Alternatively, Kidder's witness, Kelly Greenwood, the official county engineer for both Quitman and Tallahatchie Counties and expert witness in the field of civil engineering, determined that the entirety of Dummyline Road was within Tallahatchie County. Because there was conflicting testimony regarding the identity of the county in which the assault occurred, ambiguity existed, making it appropriate for the jury to determine venue.

¶15.    Kidder argues that the testimony of his expert witness proved the location of the incident because it was not contradicted by expert testimony but by assertions and beliefs based on historical, lay information. As mentioned, it is the province of the jury to weigh and

7

determine the credibility and veracity of each witness. Moreover, *Edwards v. State*, 441 So. 2d 84, 87 (Miss. 1983), states that "the jury is not bound to accept the conclusions of any expert." "Jurors are permitted, indeed have the duty, to resolve the conflicts in the testimony they hear. They may believe or disbelieve, accept or reject, the utterances of any witness. No formula dictates the manner in which jurors resolve conflicting testimony into findings of fact sufficient to support their verdict." *Gandy v. State*, 373 So. 2d 1042, 1045 (Miss. 1979).

¶16. Additionally, this Court has stated that "ambiguity as to venue does not require acquittal for the crime." *McGowan v. State*, 742 So. 2d 1183, 1185 (¶9) (Miss. Ct. App. 1999). In *McGowan*, where there was a dispute about whether the crime occurred in one of two districts, we explained that the jury found the crime "was committed in one of those two districts. [Thus, section 99-11-3(1)] applies when evidence demonstrates that it is quite difficult to know where the crime occurred." *Id.* In affirming that venue was proper, we stated, "It is evident that jurisdiction would have been proper in either district given that the court actually found venue in the Second Judicial District and also found the crime had been commenced in the First Judicial District." *Id.* at (¶10).

¶17. As instructed by Mississippi law, the issue of venue was properly before the jury. Therefore, we find that the trial court did not err.

**II.      The court did not err when omitting the lesser included offense of attempted simple assault from the jury instructions.**

¶18. Kidder argues that the court erred when it failed to provide a jury instruction for the

lesser included offense of attempted simple assault. "When a party claims that he is entitled to a lesser-included-offense instruction, the standard of review is de novo, as it is a question of law." *Buchanan v. State*, 84 So. 3d 812, 815 (¶8) (Miss. Ct. App. 2011). The law on lesser-included-offense instructions is well-settled. "To warrant the lesser-included offense instruction, a defendant must point to some evidence in the record from which a jury could reasonably find him not guilty of the crime with which he was charged and at the same time find him guilty of a lesser-included offense." *Id.* (quoting *Goodnight v. State*, 799 So. 2d 64, 69 (¶24) (Miss. 2001)).

¶19.    Kidder cannot prove that a jury could reasonably find him not guilty of aggravated assault while at the same time find him guilty of attempted simple assault. According to Mississippi law,

> [a] person is guilty of simple assault if he or she (i) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; (ii) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm . . . .

Miss. Code Ann. § 97-3-7(1)(a) (Rev. 2014). And,

> [a] person is guilty of aggravated assault if he or she (i) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; (ii) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm . . . .

Miss. Code Ann. § 97-3-7(2)(a). The statute differentiates between simple assault and aggravated assault based on whether bodily injury with a deadly weapon was caused

9

negligently or was caused purposefully or knowingly. There can be no doubt that a motor vehicle used for the purpose of intentionally running over another person is a deadly weapon within the contemplation of this State's aggravated assault statute. *See Genry v. State*, 767 So. 2d 302, 312 (¶34) (Miss. Ct. App. 2000) (holding that although it was not definitive evidence of intent to harm, the fact that Genry tried to run over Estridge with a truck "adds credence to the jury's decision that he was guilty of aggravated assault on the store employee because it evinces his state of mind, that is, he was willing to inflict serious bodily injury on anyone who interfered with his plans or escape").

¶20. Kidder cannot disprove that he purposefully and knowingly attempted to cause bodily injury to the victims because he took the affirmative actions of turning his truck around to hit Ross's car and then reversing and driving forward to hit Hentz's car. Kidder cannot successfully meet his burden of proving that he could be found not guilty for aggravated assault, yet guilty of simple assault. Therefore we find no error with the exclusion of the lesser included offense.

¶21. **AFFIRMED.**

**CARLTON, P.J., GREENLEE, McDONALD, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR. WILSON, P.J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION, JOINED BY GREENLEE, LAWRENCE, SMITH AND EMFINGER, JJ. McCARTY, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. BARNES, C.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**

**WILSON, P.J., SPECIALLY CONCURRING:**

¶22. I concur that the evidence at trial was sufficient for the jury to find that the crimes

occurred in Quitman County and that the convictions should be affirmed. I write separately to note that the venue statute indicates that the beyond-a-reasonable-doubt burden of proof should not apply to the issue of venue. The statute provides,

> The local jurisdiction of all offenses, unless otherwise provided by law, shall be in the county where committed. *But, if on the trial the evidence makes it doubtful in which of several counties, including that in which the indictment or affidavit alleges the offense was committed, such doubt shall not avail to procure the acquittal of the defendant.*

Miss. Code Ann. § 99-11-3 (Rev. 2020) (emphasis added).

¶23. In *Presley v. State*, 217 Miss. 112, 63 So. 2d 551 (1953), our Supreme Court stated that "[t]his statute eliminates the requirement that proof of venue be beyond a reasonable doubt in cases where there is a conflict in the evidence as to which of two or more counties or districts in Mississippi is the place of the offense; but it has no application where the question is whether or not the alleged criminal act was committed in Mississippi." *Id.* at 121-22, 63 So. 2d at 555;[2] *see also Fairchild v. State*, 459 So. 2d 793, 799 (Miss. 1984) ("[S]ection 99-11-3 directs" that "uncertainties in the evidence" regarding venue "shall not avail to procure the acquittal of the defendant."); *Isabel v. State*, 101 Miss. 371, 377-78, 58 So. 1, 2 (1912) ("If the proof offered placed the commission of the crime so close to both judicial districts as to leave it in doubt as to which it actually occurred in, . . . the statute

---

[2] *Presley* interpreted section 2419 of the Mississippi Code of 1942 Annotated, which was substantially similar to current section 99-11-3. Substantially similar language has been in the venue statute since 1880. *See* Rev. Code of the Statute of Laws of the State of Miss. ch. 78, § 2991, at 777 (1880).

would apply."); *Steed v. State*, 752 So. 2d 1056, 1063-64 (¶19) (Miss. Ct. App. 1999) (stating that "the reasonable doubt standard" is lessened under section 99-11-3 and *Presley*); *McGowan v. State*, 742 So. 2d 1183, 1185 (¶9) (Miss. Ct. App. 1999) ("[A]mbiguity as to venue does not require acquittal for the crime." (citing Miss. Code Ann. § 99-11-3 (Rev. 1994)). More recently, however, "[our Supreme] Court has held consistently that 'proof of venue is an essential part of criminal prosecution, and the State bears the burden of proving venue beyond a reasonable doubt.'" *Rogers v. State*, 95 So. 3d 623, 630 (¶23) (Miss. 2012) (quoting *Hill v. State*, 797 So. 2d 914, 916 (¶10) (Miss. 2001)). The Court's more recent decisions do not directly address the language of the statute italicized above.

¶24.     *Presley*'s conclusion that the "statute eliminates the requirement that proof of venue be beyond a reasonable doubt," *Presley*, 217 Miss. at 121-22, 63 So. 2d at 555, follows logically from the statute's language permitting a conviction even if "the evidence makes it doubtful in which of several counties . . . the offense was committed." Miss. Code Ann. § 99-11-3. In addition, a lower standard of proof for venue would be consistent with the law in many other states. "The federal courts and a substantial number of state courts hold that the facts supporting venue only need be established by a preponderance of the evidence." 4 Wayne R. LaFave et al., *Criminal Procedure* § 16.1(g), at 820 (4th ed. 2015) (footnotes omitted). Those courts "take the position that venue is not a true element of the crime" because "it does not relate even remotely to the issues of guilt or innocence or the level of culpability." *Id.* And although our own Supreme Court has referred to venue as one of "the

12

essential elements of the crime," *Rogers*, 95 So. 3d at 632 (¶30), the Court has also held that "[a]n acquittal solely on the ground of lack of venue would not constitute double jeopardy and bar prosecution in the county having venue." *Fabian v. State*, 284 So. 2d 55, 56 (Miss. 1973).[3] The Court's holding in *Fabian* suggests that venue is not *really* an "element" of the crime[4] and, therefore, should not be subject to the requirement of proof beyond a reasonable doubt.[5]

¶25. It is easy to imagine a case in which a crime was committed near a county line and the evidence regarding the exact place of the crime is so conflicting or ambiguous that conscientious jurors would be unable to find "beyond a reasonable doubt" that the crime was

---

[3] For this reason, the Court also stated that when a defendant contests venue, "the jury should be instructed to find the defendant not guilty for lack of venue if it finds that venue is in another county or state." *Id.* This is because a general verdict of "not guilty" would be a bar to further prosecution, but a verdict of "not guilty for lack of venue" would permit a new indictment in the proper county. *Id.*; *see also United States v. Petlechkov*, 922 F.3d 762, 771 (6th Cir. 2019) (holding that an appellate reversal of a conviction and a dismissal of the charge due to insufficient proof of venue "does not qualify as an 'acquittal' for double jeopardy purposes"). No such jury instruction was requested or given in this case.

[4] *See Burks v. United States*, 437 U.S. 1, 10-11 (1978) (holding that a defendant may not be retried following an acquittal that is based on the insufficiency of the evidence "of some or all of the factual elements of the offense charged").

[5] The defendant has a "constitutional right to venue" under the Mississippi Constitution, i.e., "a right to a 'public trial by an impartial jury of the county where the offense was committed.'" *Azomani v. State*, 222 So. 3d 282, 285 (¶10) (Miss. 2017) (quoting Miss. Const. art. 3, § 26)). However, the fact that a constitutional right exists does not mandate a particular burden of proof. *Cf., e.g.*, *Walker v. State*, 303 So. 3d 720, 727 (¶18) (Miss. 2020) (pet. for cert. filed) (holding that a defendant bears "the burden of persuading the trial judge by a preponderance of the evidence that his trial attorney . . . failed to provide constitutionally adequate representation").

13

committed in *either* county. A guilty defendant should not go free just because of doubts about precisely where he committed his crime, and it would appear that section 99-11-3 was intended to prevent that from occurring. However, we run the risk of that result as long as we continue to instruct juries that venue is an element of the crime that must be proved beyond a reasonable doubt. *See Rogers*, 95 So. 3d at 632 (¶30). Based on the plain language of section 99-11-3, our Supreme Court should revisit decisions that require such jury instructions. Of course, until that happens, trial courts should continue to include venue in all elements instructions. *See Wordlaw v. State*, 218 So. 3d 768, 769-71 (¶¶8-16) (Miss. Ct. App. 2017) (6-4 decision; no petition for writ of certiorari filed) (reversing a conviction solely because the trial court failed to include venue in the elements instruction).[6]

---

[6] In this case, the issue of venue was first raised prior to trial in a motion to dismiss, and the trial court granted an evidentiary hearing on the motion. The trial court did so despite the fact that, on its face, the indictment sufficiently alleged venue by charging that the crime was committed in Quitman County. Such a pretrial motion and hearing are out of step with the general rule that "[n]either a motion to quash nor any other pretrial pleading can be employed to test the sufficiency of evidence." *State v. Peoples*, 481 So. 2d 1069, 1070 (Miss. 1986) (citing *State v. Grady*, 281 So. 2d 678, 680 (Miss. 1973)). "The proper time to test the sufficiency of the evidence to support any indictment is when the case is tried on its merits." *Id.* (quoting *Grady*, 281 So. 2d at 681). In addition, our Supreme Court has specifically stated that "[u]nder Mississippi criminal procedure, questions of fact as to venue are for the determination of the jury and are not to be decided by the trial court." *State v. Fabian*, 263 So. 2d 773, 775 (Miss. 1972). Therefore, a defendant "is not entitled, as a matter of right, to have a preliminary evidentiary hearing with a determination by the trial court" regarding the sufficiency of the evidence of venue. *Id.* However, the Supreme Court went on to say that in "[r]are and exceptional circumstances," a trial judge *may*, "in the exercise of sound judicial discretion, . . . grant[] a [pretrial] hearing upon such a motion." *Id.* Given the circumstances of this case, I cannot say that the trial judge abused her discretion by granting such a hearing. The Supreme Court emphasized that if the trial judge does grant such a hearing, "the burden" at the hearing is on the defendant, "and the motion

14

**GREENLEE, LAWRENCE, SMITH AND EMFINGER, JJ., JOIN THIS OPINION.**

---

should be denied if the evidence adduced . . . would be capable of supporting a factual finding by the jury on the trial that venue of the crime was as charged in the indictment." *Id.*