913 So.2d 436 (2005)
Kristian JONES a/k/a Kristen Jones, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-KA-02501-COA.
Court of Appeals of Mississippi.
May 3, 2005.
*437 Raymond M. Baum, Winona, attorneys for appellant.
Office of the Attorney General by Scott Stuart, attorneys for appellee.
Before KING, C.J., CHANDLER, and BARNES, JJ.
KING, C.J., for the Court.
¶ 1. Kristian Jones a/k/a Kristen Jones was convicted in the Circuit Court of Attala County of aggravated assault against Shameka Luckett. Jones was sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections. Aggrieved by her conviction, she has appealed and asserts the following issues, which we quote verbatim.
I. Whether the trial court committed reversible error when it allowed evidence of another crime with which the defendant has been charged?
II. Whether the verdict was legally insufficient because, accepting all of the State's evidence as true, the defendant, Kristian Jones, was merely present at the scene of the shooting and there is no evidence of her participation in the crime of Aggravated Assault.
Finding no error, we affirm.

FACTS
¶ 2. According to Luckett, while at the Bingo Parlor at approximately 8:30 p.m., she received a call from Kristian Jones requesting her to meet with Jones concerning an upcoming armed robbery trial. Luckett had participated in an armed robbery scheme with Marvin Parks, Jeremy Myricks and Kristian Jones. The four were charged with committing armed robbery against Jones' grandmother. Luckett contends the reason for Jones' desire to speak with her on February 28, 2003, was Luckett's decision to testify and implicate Jones and the others at their upcoming armed robbery trial.
¶ 3. At 9:00 p.m., Luckett departed the Bingo Parlor with Jones. Luckett and Jones traveled to the home of Marvin Parks, where they all departed in one car. Between 10:00 p.m. and 11:00 p.m., the three traveled to an Exxon gas station. There, Luckett entered the store and purchased gum, while Jones and Parks remained outside. Later the three traveled to the home of Demond Howard. Upon discovering that Howard was unavailable, they drove around the neighborhood to "the projects" and on dirt roads throughout the county.
*438 ¶ 4. Jones and Parks stated they were having car trouble. During this time period, Luckett repeatedly informed Jones and Parks that she wanted to go home. Finally, Luckett requested that Parks and Jones take her to the home of her uncle. Jones and Parks stated they were having car trouble and would have to walk, but they would walk with her. As the three were getting out of the car, Jones reminded Parks to get his gun. The three began walking down a dirt road to the uncle's home, with Jones and Parks lagging behind Luckett. During their walk, Parks and Jones were walking together "like a couple." Luckett testified that neither Jones nor Parks threatened her. Then after walking only a short distance, Luckett was suddenly shot twice in the back. Luckett explained that, after Parks shot her in the back, he attempted to shoot her in the head but the gun jammed. Parks and Jones returned to their vehicle and left Luckett for dead. The wounded Luckett sought the aid of persons nearby. She received first aid and was taken to the emergency room. Prior to going to the hospital, in the hospital and thereafter, Luckett consistently identified Parks and Jones as her attackers.

ISSUES AND ANALYSIS

ISSUE I.

WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT ALLOWED EVIDENCE OF ANOTHER CRIME WITH WHICH THE DEFENDANT HAS BEEN CHARGED?
¶ 5. "Relevancy and admissibility of evidence are largely within the discretion of the trial court, and reversal may be had only where that discretion has been abused." White v. State, 742 So.2d 1126 (¶ 29) (Miss.1999). When examining issues of the admissibility of evidence, the Court must examine the purpose for admitting such information. Hill v. State, 797 So.2d 914, 917(¶ 15) (Miss.2001). "Furthermore, the trial court's discretion must be exercised within the scope of the Mississippi Rules of Evidence, and reversal will be appropriate only when an abuse of discretion resulting in prejudice to the accused occurs." Id.
¶ 6. Jones contends that in order for evidence of other crimes to be admissible, there must be an apparent relation or connection between the prior crime of armed robbery and the present charge of aggravated assault. She contends that there was not "an apparent relation or connection between the act proposed to be proved and that charged." According to the facts, Luckett, Jones, Parks and Myricks were charged and awaiting trial for committing an armed robbery against Jones' grandmother. Luckett contends that she was shot by Parks and Jones because she posed a threat in confessing their involvement in the crime. The trial court ruled that the armed robbery was relevant to the motive of the shooting.
¶ 7. Under M.R.E. 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive...." "One of the accepted exceptions to the general disallowance of evidence of other crimes is where that evidence tends to prove motive." Neal v. State, 451 So.2d 743, 759 (Miss.1984). According to Rule 404(b), the motive exception requires an apparent relation or connection between the act proposed to be proven and that charged. The State suggested that the motive for the assault on Luckett was to prevent Luckett from testifying that Parks and Jones had committed *439 an armed robbery. This clearly was a plausible motive for the assault, which the State was entitled to place before the jury.
¶ 8. In applying Rule 404(b), this Court has held that even though it may reveal other crimes, evidence or testimony may be given in order to tell a rational and coherent story of what happened and where it is substantially necessary to present a complete story. Mackbee v. State, 575 So.2d 16, 27-28 (Miss.1990) (citing Brown v. State, 483 So.2d 328, 330 (Miss.1986)). Such evidence of the other crime is also admissible if it sheds light upon the motive or if it forms a part of a chain of facts intimately connected so that in order to interpret its general parts, the whole must be heard. Davis v. State, 530 So.2d 694, 697-98 (Miss.1988). The trial court ruled that the evidence of Jones' prior arrest was not introduced for the purpose of establishing that Jones acted in conformity therewith, but, to establish a possible motive for the shooting of Luckett. Further the court ruled that the admittance of the prior arrest would allow the jury to understand "why it happened." Luckett's proffered testimony revealed that Jones approached her and asked what she was going to do, and she replied that she was going to tell the truth. These questions transpired while the three were parked on a hill, almost one hour after Jones and Luckett left the bingo parlor and one hour before Luckett was shot. The trial court noted that these were not contemporaneous events but occurred within "a couple of hours." After additional testimony by Luckett, the trial court ruled that its failure to admit such evidence would have left the issue of motive open to conjecture and speculation.
¶ 9. Where proof of other crimes or acts of the defendant is offered into evidence pursuant to Rule 404(b), it is still subject to the requirement that its probative value substantially outweigh the danger of unfair prejudice under Rule 403. Adams v. State, 794 So.2d 1049, 1055 (¶ 14)(Miss.Ct.App.2001). The trial court determined that the evidence would be admitted because its probative value in determining motive outweighed any unfair prejudice. In an effort to avoid any undue prejudicial effect, the trial court instructed the jury as follows:
Evidence of other crimes, wrongs or acts is not admissible to prove the character in order to show that he or she acted in conformity therewith. It is admissible for the purpose of proof or motive, and in this case the jury can only consider it for this purpose.
Jurors are presumed to follow the court's instructions. Ragin v. State, 724 So.2d 901, 904 (¶ 13) (Miss.1998). Therefore, this issue is without merit.

ISSUE II.

WHETHER THE VERDICT WAS LEGALLY INSUFFICIENT BECAUSE, ACCEPTING ALL OF THE STATE'S EVIDENCE AS TRUE, THE DEFENDANT, KRISTIAN JONES, WAS MERELY PRESENT AT THE SCENE OF THE SHOOTING AND THERE IS NO EVIDENCE OF HER PARTICIPATION IN THE CRIME OF AGGRAVATED ASSAULT.
¶ 10. It is Jones' contention that the evidence presented at trial was legally insufficient to support the verdict. This Court's standard of review on challenges to the sufficiency of the evidence requires that it consider all of the evidence in a light most favorable to the verdict. Collier v. State, 711 So.2d 458, 461(¶ 11) (Miss.1998). However, matters regarding the weight and credibility of the evidence are to be resolved by the jury and this Court may reverse only where, with respect to *440 one or more of the elements of the offense charged, the evidence is such that reasonable and fair-minded jurors could only find the accused not guilty. Id.
¶ 11. Jones contends that even if this Court accepts the evidence that she was present at the scene of the shooting, her mere presence at the shooting is insufficient to establish participation in the crime. Mississippi Code Annotated 97-3-7(2) (Rev.2000) defines aggravated assault as knowingly causing bodily injury to another with a deadly weapon. The trial court gave an accomplice instruction, that stated the jury could not convict Jones by her mere presence, but must determine that there was an overt act in relation to the furtherance of the aggravated assault. Our law is clear that one who aids and abets another in the commission of an offense is guilty as a principal. Davis v. State, 586 So.2d 817, 821 (Miss.1991); Malone v. State, 486 So.2d 360, 363-64 (Miss.1986); Shedd v. State, 228 Miss. 381, 386-87, 87 So.2d 898, 900 (1956).
¶ 12. Luckett testified that Parks was the shooter in the crime, but Jones had initiated the contact with Luckett and had forced her into the vehicle. Luckett testified that she entered the car with Jones because she was frightened. Jones had reportedly pulled a gun on Luckett before. Jones drove to pick up Parks and Jones refused to take Luckett home. Before the three began walking along the dirt road, Jones asked Parks to get his gun out of the car. Shortly thereafter Luckett was shot. Luckett repeatedly stated that Parks and Jones shot her. These facts provided a basis upon which the jury might reasonably conclude that the parties acted in concert. Jones contends that Luckett's testimony was "contradictory and sometimes bizarre." It is true that Luckett's testimony contains several inconsistent facts. However, issues of the credibility of witnesses are to be resolved by the jury. Collier, 711 So.2d at 461. In Miller v. State, we affirmed that the victim's identification of her assailants at trial, at the time of the shooting and in court was sufficient for a juror to determine that the defendant was guilty. Miller v. State, 801 So.2d 799, 803 (¶ 15) (Miss.Ct.App.2001). In the case sub judice, Luckett (1) identified Parks and Jones as her attackers, (2) informed her rescuers, Kelsey and Vickie Harmon that Parks and Jones shot her (3) was shot at close range thereby giving her an opportunity to view her attacker and (4) identified Jones and Parks in the courtroom as the attackers. In Miller, this Court determined that based on this information "we cannot say that reasonable and fairminded jurors could only find Miller not guilty of the shooting." Id.
¶ 13. Having considered the record in the light most favorable to the verdict, we are not persuaded that with respect to any of the elements of the offense charged, the evidence is such that that reasonable and fair-minded jurors could only find Jones not guilty.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF ATTALA COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ATTALA COUNTY.
BRIDGES AND LEE, PJJ., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.